Filed 9/26/14  In re A.M. CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | |
| TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BRIAN M., <br><br> Defendant and Appellant. | F069261 <br><br> (Super. Ct. No. JJV066982A) <br><br><br> **OPINION** |

## THE COURT*

APPEAL from orders of the Superior Court of Tulare County.  Jennifer Conn Shirk, Judge.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P.J., Poochigian, J. and Franson, J.

Brian M. (father) appealed from an April 3, 2014 order terminating his parental rights (Welf. & Inst. Code, § 366.26)[1] to his five, three and one-year old daughters. After reviewing the entire record, father's court-appointed counsel informed this court she could find no arguable issues to raise on father's behalf. Counsel requested and this court granted leave for father to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844 (*Phoenix H*.).)

Father submitted a letter in which he asks this court to grant him reunification services. Father does not, however, address the termination proceedings or set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing. (*Phoenix H*., *supra*, 47 Cal.4th at p. 844.) Consequently, we will dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

In July 2013, the juvenile court exercised its dependency jurisdiction over father's three daughters because father and the children's mother had longstanding drug addictions, mother had mental health issues, and because their oldest daughter, then four years old, was sexually molested by a man who lived with mother and the children on or before December 2012. The Tulare County Health and Human Services Agency (agency) placed the children in foster care.

The juvenile court ordered reunification services for the children's mother at the dispositional hearing but denied father reunification services because of his extensive history of drug use and resistance to court-ordered treatment. (§ 361.5, subd. (b)(13).)[2]

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     Section 361.5, subdivision (b)(13) provides in relevant part: "(b) Reunification services need not be provided to a parent … described in this subdivision when the court finds, by clear and convincing evidence, any of the following: [¶] … [¶] (13) That the parent … of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year

According to the agency, father's drug history dated back many years and included court orders in 2007 and 2009 to participate in drug court, which he refused. It also included an arrest in March 2013 for drug use.

Father appeared in custody at the dispositional hearing. He told the juvenile court he was awaiting sentencing on charges of possession of stolen property and carrying a concealed weapon. He also told the court he loved his children and believed he had a strong bond with them. He asked the court to provide him reunification services. Father did not appeal from the juvenile court's order denying him reunification services.

In December 2013, the juvenile court terminated mother's reunification services and set a section 366.26 hearing. By this time, father had been sentenced to state prison for four to five years.

In April 2014, at an uncontested section 366.26 hearing, the juvenile court found the children were likely to be adopted and terminated father and mother's parental rights.

This appeal ensued.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal may be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.) Father does not raise any claim of error or other defect against the termination order from which he appeals.

At a termination hearing, the juvenile court's proper focus is on the children to determine whether it is likely the children will be adopted and if so, order termination of parental rights. Once reunification services are ordered terminated, the focus shifts to the needs of the children for permanency and stability. (*In re Marilyn H*. (1993) 5 Cal.4th

period immediately prior to the filing of the petition that brought [the] child to the court's attention …."

3

295, 309.) If, as in this case, the children are likely to be adopted, adoption is the norm. Indeed, the court must order adoption and its necessary consequence, termination of parental rights, unless one of the specified circumstances provides a compelling reason for finding that termination of parental rights would be detrimental to the child. (*In re Celine R*. (2003) 31 Cal.4th 45, 53.) Here, there was no compelling reason.

Father asserts that the juvenile court denied him reunification services because of his lengthy criminal past and drug use but explains that his crimes were motivated by his "very serious addiction to meth." He also explains that his failure to complete drug court occurred in 2007, long before his daughters were born.

To the extent father's assertions can be construed as challenging the factual basis on which the juvenile court denied him reunification services, he cannot claim any arguable issue on this appeal. This is so because father forfeited this claim when he did not appeal from the juvenile court's 2013 dispositional order denying him reunification services. (*In re Eli F*. (1989) 212 Cal.App.3d 228, 233; § 395.) Consequently, we dismiss the appeal.

### DISPOSITION

This appeal is dismissed.